UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
DENNIS P.,

                      Plaintiff,        <u>DECISION AND ORDER</u>
                                             1:24-cv-06797-GRJ

    v.

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
------------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

      In November of 2020, Plaintiff Dennis P.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by Severance, Burko, & Splater, P.C., Louis Ronald Burko, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 7).

      This case was referred to the undersigned on May 14, 2025. Presently pending is Plaintiff's Motion for Judgment on the Pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

No. 11). For the following reasons, Plaintiff's motion is due to be granted, and this matter is remanded for further administrative proceedings.

## I. BACKGROUND

### A. Administrative Proceedings

Plaintiff applied for benefits on November 23, 2020, alleging disability beginning February 1, 2020. (T at 62, 75, 177-78).[2] Plaintiff's application was denied initially and on reconsideration. He requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on September 22, 2022, before ALJ Sheena Barr. (T at 34-61). Plaintiff appeared with an attorney and testified. (T at 41-48, 50-53). The ALJ also received testimony from Peter Manzi, a vocational expert. (T at 49, 54-57).

### B. ALJ's Decision

On November 1, 2023, the ALJ issued a decision denying the application for benefits. (T at 14-33). The ALJ found that Plaintiff had not engaged in substantial gainful activity since February 1, 2020 (the alleged onset date) and meets the insured status requirements of the Social Security Act through December 31, 2024 (the date last insured). (T at 20).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 8.

The ALJ concluded that Plaintiff's chronic obstructive pulmonary disease (COPD); obstructive sleep apnea; coronary artery disease, status post cardiac stent placement; hypertension; and hyperlipidemia were severe impairments as defined under the Act. (T at 20).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 22).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR 404.1567 (a), with the following limitations: he can never climb ladders, ropes, or scaffolds; is limited to occasionally climbing ramps/stairs, balancing, stooping, kneeling, crouching, and crawling; and must avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and hazards. (T at 22).

The ALJ concluded that Plaintiff could not perform his past relevant work as a delivery route driver, janitor, house repairer, window cleaner, or groundskeeper. (T at 25).

However, considering Plaintiff's age (45 on the alleged onset date), education (at least high school), work experience, and RFC, the ALJ

determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 27).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between February 1, 2020 (the alleged onset date) and November 1, 2023 (the date of the ALJ's decision). (T at 28). On July 5, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

C.   *Procedural History*

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on September 9, 2024. (Docket No. 1). On January 26, 2025, Plaintiff filed a motion for judgment on the pleadings, supported by a brief. (Docket No. 11). The Commissioner interposed a brief in opposition to Plaintiff's motion and requesting judgment on the pleadings on May 5, 2025. (Docket No. 15). On May 22, 2025, Plaintiff submitted a reply memorandum of law in further support of his motion. (Docket No. 18).

## II.  APPLICABLE LAW

A.   *Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999).

The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of

the ALJ's reasoning is warranted.  *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.   Five-Step Sequential Evaluation Process

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe

impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Plaintiff raises two main arguments in support of his request for reversal of the ALJ's decision.  First, Plaintiff argues that the ALJ's assessment of the medical opinion evidence was flawed, which undermines the RFC determination. Second, he challenges the ALJ's analysis of his subjective complaints.  The Court will address each argument in turn.

### A. *Medical Opinion Evidence*

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c. Because Plaintiff's application for benefits was filed on March 28, 2017 (T at 10), the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. See 20 C.F.R. § 404.1520c (a), (b)(2). The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. See 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)). The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. See 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, Dr. Silvia Aguiar performed a consultative examination in February of 2022. She diagnosed abdominal hernia, obstructive sleep apnea, hypertension, coronary artery disease, COPD, and morbid obesity. (T at 823). Dr. Aguiar opined that Plaintiff should avoid even mild to moderate exertion due to his cardiac history and COPD. (T at

9

823). She assessed marked limitation with respect to heavy lifting, carrying, and activities that "engage the core." (T at 823).

Dr. Elon Fernandez performed a consultative examination in January of 2023. He diagnosed sleep apnea, diverticulitis, abdominal hernia, COPD, coronary artery disease, and hypertension. (T at 976). Dr. Fernandez opined that Plaintiff should avoid balancing, operating heavy machinery, operating a motor vehicle, being around unprotected heights, and activities requiring foot controls. (T at 976). He assessed moderate to marked impairment as to heaving lifting, carrying, prolonged standing and walking, climbing stairs, pushing, and pulling. (T at 976). Dr. Fernandez concluded that Plaintiff should avoid even mild to moderate exertion. (T at 976).

The ALJ agreed with the consultative examiners' general assessment of Plaintiff's limitations but rejected as unpersuasive their conclusion that Plaintiff needed to avoid mild to moderate exertion. (T at 25).

The Court finds that the ALJ's analysis of the medical opinion evidence cannot be sustained. Here's why.

First, the ALJ discounted the consultative examiners' opinions as inconsistent with her reading of the record without considering the important consistency of the opinions *with each other*. In other words, the

ALJ erred by failing to adequately account for the fact that the shared view of the only examining medical providers was that Plaintiff was precluded from even mild exertion. *See Shawn H. v. Comm'r of Soc. Sec.*, No. 2:19-CV-113, 2020 WL 3969879, at *7 (D. Vt. July 14, 2020)("Moreover, the ALJ should have considered that the opinions of Stephens and Dr. Lussier are consistent with each other."); *Malia Ann B. v. Comm'r of Soc. Sec.*, No. 5:21-CV-1362-AMN-CFH, 2023 WL 2838054, at *7 (N.D.N.Y. Feb. 23, 2023), *report and recommendation adopted*, No. 5:21-CV-1362-AMN-CFH, 2023 WL 2623865 (N.D.N.Y. Mar. 24, 2023)(collecting cases holding that "the ALJ is obligated to discuss the consistency of a medical opinion with the other evidence in the record, which necessarily includes other medical opinions").

Second, the ALJ found the non-examining State Agency consultants' opinions persuasive even though they appeared to be stale.

Dr. C. Levit and Dr. S. Jacob opined that Plaintiff could perform a range of sedentary work. (T at 67-73, 90-91). The ALJ found these opinions persuasive. (T at 25).

Notably, however, Dr. Levit reviewed the record in February of 2021, nearly three years before the ALJ's decision, and did not have the benefit of reviewing either of the consultative examiners' assessments. (T at 68).

Dr. Jacob's opinion was provided in March of 2022, more than a year and a half before the ALJ's decision. (T at 93). Dr. Jacob reviewed Dr. Aguiar's assessment, but simply noted that it was "consistent with [the] results of [a] one time examination with [Plaintiff]." (T at 86-87). Dr. Jacob did not review Dr. Fernandez's opinion, which was based on an examination that occurred nearly a year later.

The State Agency review consultants' assessments thus cannot constitute substantial evidence sufficient to support the ALJ's decision. *See Shawn H.*, 2020 WL 3969879, at *8 ("Naturally, if nonexamining agency consultants have reviewed only part of the record, their opinions 'cannot provide substantial evidence to support the ALJ's [RFC] assessment if later evidence supports the claimant's limitations.'")(citations omitted).

Third, the ALJ erred by failing to obtain a functional assessment from a treating provider. The ALJ relied on records describing Plaintiff's cardiac condition as "stable," along with clinical notations of normal gait, good symptom management, and generally unremarkable physical examinations. (T at 23-25).

Clinical findings derived from examinations conducted in a medical provider's office, however, are not necessarily indicative of a claimant's ability to tolerate exertion, particularly where, as here, the claimant has

12

adapted to a very limited lifestyle and has a serious cardiac condition complicated by COPD, hernias, and morbid obesity. (T at 317-18, 320-21, 329, 354-61, 372-75, 387, 388, 393, 648-50, 820, 822-23, 973, 975, 979-82). Indeed, the fact that both examining physicians advised against exertion notwithstanding these findings is evidence of this likelihood.

Under these circumstances, and particularly given the ALJ's decision to discount both consultative examiners' opinions, it was error for the ALJ to determine Plaintiff's RFC without seeking a functional assessment from a treating provider. *See Robins v. Astrue*, No. CV-10-3281 FB, 2011 WL 2446371, at *4 (E.D.N.Y. June 15, 2011)("It is not sufficient for the ALJ simply to secure raw data from the treating physician. What is valuable about the perspective of the treating physician—what distinguishes him from the examining physician and from the ALJ—is his opportunity to develop an informed *opinion* as to the … status of a patient.")(quoting *Peed v. Sullivan*, 778 F. Supp. 1241, 1246 (E.D.N.Y.1991)(emphasis original); *see also Skartados v. Comm'r of Soc. Sec.*, No. 20-CV-3909 (PKC), 2022 WL 409701, at *4 (E.D.N.Y. Feb. 10, 2022)(noting that "an ALJ must attempt to obtain medical opinions—not just medical records—from a claimant's treating physicians")(citing *Prieto v. Comm'r of Soc. Sec.*, No.

20-CV-3941 (RWL), 2021 WL 3475625, at *10–11 (S.D.N.Y. Aug. 6, 2021) (collecting cases)).

For these reasons, the Court finds a remand required for proper consideration of the medical opinion evidence and consideration as to whether further development of the record is necessary.

### B.     *Subjective Complaints*

A claimant's subjective complaints of pain and limitation are "an important element in the adjudication of [social security] claims, and must be thoroughly considered in calculating the [RFC] of a claimant." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also* 20 C.F.R. § 416.929.

However, "the ALJ is … not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citations omitted).

Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." *Id*. (citation omitted); *see also Henningsen v. Comm'r of Soc. Sec.*, 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) ("The ALJ retains discretion to assess the credibility of a claimant's testimony regarding disabling pain and 'to arrive at an independent judgment, in light of medical findings and other

14

evidence, regarding the true extent of the pain alleged by the claimant.'" (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979))).

The ALJ follows a two-step process in evaluating a claimant's subjective complaints.

First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id*. (citation, alterations, and quotation marks omitted). The ALJ must "consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, No. 13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184.  This inquiry involves seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and

15

aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

If the ALJ discounts the claimant's subjective complaints, the ALJ "must explain the decision to reject a claimant's testimony "with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [the ALJ's] decision is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

Here, Plaintiff testified that he is unable to walk more than 15 feet without experiencing shortness of breath and is fatigued throughout the day. (T at 43-45). He has difficulty reaching, bending, sitting up from a seated position, staying awake, concentrating and walking from one room to another. (T at 46-47). His wife performs the household chores. (T at 47).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but concluded that Plaintiff's statements as to the intensity, persistence, and

16

limiting effects of those symptoms were not entirely consistent with the record. (T at 24).

The ALJ's errors in assessing the medical opinion evidence, as discussed above, necessarily undermine her consideration of Plaintiff's subjective complaints, which were supported by, and consistent with, the opinions of both consultative examiners.

Moreover, Plaintiff has an extensive work history (T at 193-95), which the ALJ should have considered as an important factor tending to support his subjective complaints. *See Rivera v. Schweiker*, 717 F.2d 719, 725 (2d Cir. 1983)("A claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability."); *see also Cahill v. Colvin*, No. 12 CIV. 9445 PAE MHD, 2014 WL 7392895, at *26 (S.D.N.Y. Dec. 29, 2014).

C.  Remand

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)). Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal

standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *Hughes v. Colvin*, No. 15-CV-181S, 2017 WL 1088259, at *6 (W.D.N.Y. Mar. 23, 2017)(noting that "a claimant with an established history of employment is unlikely to be 'feigning disability'")(citation omitted)(collecting cases).

The Court finds a remand necessary for proper consideration of the medical opinion evidence and Plaintiff's subjective complaints.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 11) is GRANTED; the Commissioner's request for Judgment on the Pleadings is DENIED; and this case is REMANDED for further administrative proceedings consistent with this Decision and Order. The Clerk is directed to enter final judgment in favor of the Plaintiff and then close the file.

Dated: June 13, 2025                    *s/ Gary R. Jones*
                                         GARY R. JONES
                                         United States Magistrate Judge